UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0017-B-10 |
| | § | |
| ELIZABETH NEELY CAUSEY-ECK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Elizabeth Neely Causey-Eck's Motion for Compassionate release (Doc. 911). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

After Causey-Eck pleaded guilty to possession with intent to distribute a controlled substance, the Court sentenced her to 240 months of imprisonment and three years of supervised release. Doc. 515, J., 1–3. Causey-Eck, who is now fifty-one years old, is serving her sentence at Carswell Federal Medical Center (FMC). Her scheduled release date is September 29, 2033.[1] As of January 5, 2021, Carswell FMC has reported thirty-eight active and 493 recovered cases of COVID-19 among its

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

inmates.[2]

On December 15, 2020, Causey-Eck filed the pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 911, Def.'s Mot., 1. In support of her motion, Causey-Eck explains that there are "'extraordinary and compelling reasons' confronting the federal prison system by the pandemic of COVID-19" and that she "is not a danger to the community and suffers from serious medical issues." *Id.*

Because Causey-Eck has neither exhausted her administrative remedies nor demonstrated extraordinary and compelling circumstances warranting her release, Causey-Eck's request for compassionate release is **DENIED**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

---

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

### III.

### ANALYSIS

A.   *Causey-Eck Has Not Demonstrated Proof of Exhaustion.*

Causey-Eck's request for compassionate release is denied because she has not proved that she satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Causey-Eck does not allege that she requested compassionate release from the warden of Carswell FMC before she filed her motion in this Court, *see generally* Doc. 911, Def.'s Mot., let alone *prove* that she did so. Without evidence that Causey-Eck complied with the exhaustion requirement, Causey-Eck's request for compassionate release fails. *E.g., United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020).

B.   *Causey-Eck Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Causey-Eck has exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11); *see also United States v. Rivas*, — F. App'x —, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). The Court does the same here and concludes that Causey-Eck has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of her request for compassionate release, Causey-Eck explains that she "suffers from serious medical issues." Doc. 911, Def.'s Mot., 1. Namely, Causey-Eck states that she has the following conditions: (1) lupus; (2) fibromyalgia; (3) diabetes; (4) super ventricular tachicardia; (5) high blood pressure; (6) high cholesterol; (7) hypothyroidism; (8) "[i]nflamable bowel disease"; (9) urinary incontinence; (10) degenerative disc disease; (11) "[l]ower [b]ack"; (12) right knee

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

injury; (13) "[i]nflamed liver"; (14) ovarian cysts; (15) chronic sinus infections; (16) chronic urinary tract infections; (17) chronic obstructive pulmonary disease (COPD); and (18) asthma. *Id.* at 2–3.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country. But to the extent Causey-Eck has generalized concerns about the spread of COVID-19 at Carswell FMC, they do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Carswell FMC. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

As for Causey-Eck's individual circumstances, the Court notes that she has not supplied any proof that she suffers from the medical conditions alleged. In the absence of medical records establishing that Causey-Eck indeed suffers from the conditions she complains of, the Court declines to find extraordinary and compelling circumstances. *See, e.g.*, *United States v. Parker*, 2020 WL 4673125, at *3 (N.D. Tex. Aug. 11, 2020) (declining to find extraordinary and compelling circumstances on the basis of alleged medical conditions without substantiating medical records); *United States v. Medina*, 2020 WL 6737882, at *3 (N.D. Tex. Nov. 16, 2020) (same); *United States v. Moser*, 2020 WL 7695998, at *3 (N.D. Tex. Dec. 24, 2020) (same).

Lastly, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). But because Causey-Eck failed to exhaust her administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today. In other words, even if the Court found that the § 3553 factors weighed in favor of Causey-Eck's release, the Court would nonetheless deny

Causey-Eck's motion for failure to meet the exhaustion requirement and demonstrate extraordinary and compelling circumstances.

## IV.

## CONCLUSION

Causey-Eck's request for compassionate release under § 3582(c)(1)(A) fails because she has not proved exhaustion of her administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Causey-Eck's motion (Doc. 911) **WITHOUT PREJUDICE**.

By denying Causey-Eck's motion without prejudice, the Court permits Causey-Eck to file a subsequent motion for compassionate release in the event she can both: (1) satisfy the exhaustion requirement, and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

**SO ORDERED.**

**SIGNED: January 5, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE